CITY OF CLEVELAND, Appellant,

v.

KING, Appellee.

[Cite as *Cleveland v. King*, 153 Ohio App.3d 326, 2003-Ohio-3807.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 82239 and 82240.

Decided July 17, 2003.

Donald Gallick, Assistant City Prosecutor, for appellant.

Keevin J. Berman, Kenneth J. Rexford and Legal Aid Society of Cleveland, for appellee.

---

Frank D. Celebrezze, Jr., Judge.

{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.

{¶ 2} Appellant, city of Cleveland, appeals from the judgment of the Cleveland Municipal Court, which suspended the mandatory fines on convictions for parking in a handicap zone and noise violation in a motor vehicle and suspended court costs.

{¶ 3} On November 26, 2002, appellee, Sidney King, pleaded no contest to city of Cleveland Municipal Code violations of driving with a revoked license, parking in a handicap parking space, and creating excessive noise. The court accepted the no-contest pleas and found King guilty. The court suspended the fines for motor vehicle noise and parking in a handicap space and further suspended King's payment of costs for all three charges.

{¶ 4} The city of Cleveland argues that the court lacked the authority to suspend the fines and costs and brings four assignments of error for our consideration.

{¶ 5} "I. The trial court lacked authority to suspend the mandatory fine imposed by Ohio Revised Code § 4511.99."

{¶ 6} Appellant argues that the trial court has no authority to suspend the mandatory fine for illegally parking in a handicap space. Appellee asserts that the penalty for parking in a handicap zone, in violation of R.C. 4511.99(P), is not mandatory in nature.

{¶ 7} R.C. 4511.99(P) provides:

{¶ 8} "Whoever violates division (F)(1)(a) or (b) of section 4511.69 of the Revised Code is guilty of a misdemeanor and shall be fined not less than two hundred fifty nor more than five hundred dollars, but in no case shall an offender be sentenced to any term of imprisonment." (Emphasis added.)

{¶ 9} "In statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage." *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834.

{¶ 10} Here, the General Assembly has chosen the word "shall," thereby denoting a mandatory fine in this provision; therefore, the trial court cannot waive this fine; however, the court may impose community service in order to fulfill the payment of the mandatory fine. R.C. 2951.02(F)(1) states: "A court may permit any offender convicted of a misdemeanor to satisfy the payment of a fine imposed for the offense by performing supervised community service work as described in this division if the offender requests an opportunity to satisfy the payment by this means and if the court determines the offender is financially unable to pay the fine."

{¶ 11} This court in *Cleveland v. Uveges* (May 16, 1991), Cuyahoga App. Nos. 58498, 58499, 58500 and 58501, 1991 WL 81489, found that imposition of community service in lieu of payment of a fine does not violate R.C. 2951.02(H)(1). Therefore, we hold that, although the mandatory fine cannot be waived, the trial court must determine whether the appellant is unable to pay the fine, which may result in the imposition of community service. Hence, this matter will be remanded for that determination.[1]

---

1. See discussion of procedure for determining indigency under Assignments of Error III and IV.

{¶ 12} Appellant's second assignment of error states:

{¶ 13} "II. The trial court lacked authority to suspend the mandatory fine imposed by Cleveland Codified Ordinance § 683.99."

{¶ 14} Here, appellant argues that the court was required under R.C. 4511.99(P) to impose a mandatory fine for violation of Cleveland Codified Ordinance 683.99, which states: "Whoever violates any of the provisions of this chapter shall be guilty of a misdemeanor and * * * shall be fined seventy-five dollars * * *."

{¶ 15} Appellant contends that a fine assessed under Cleveland Codified Ordinance 683.99 may not be "suspended, waived or otherwise reduced below that amount." Appellee claims that the trial court has the authority to credit King with two days' incarceration against his mandatory fine. On the latter, we disagree.

{¶ 16} Following our reasoning in the first assignment of error, the General Assembly's use of the word "shall" denotes a mandatory fine, which cannot be waived. Further, under R.C. 2945.73(C)(2), "a person charged with misdemeanor shall be discharged if he is held in jail in lieu of bond awaiting trial on the pending charge [f]or a total period equal to the term of imprisonment allowed in lieu of payment of the maximum fine * * *." Further, *State v. James* (1995), 106 Ohio App.3d 686, 666 N.E.2d 1185, holds that "unless [defendant] was explicitly imprisoned for the purpose of satisfying his fine, he is not entitled to corresponding credit."

{¶ 17} The record does not provide the reason defendant was imprisoned for two days, for which the court gave him credit.[2] Since we do not know whether the imprisonment stems from the violation, the trial court cannot give credit for the fine imposed; therefore, appellant's assignment of error is sustained. However, following our rationale provided in the first assignment of error, we remand for a determination of the basis for his imprisonment.

{¶ 18} Appellant's third and fourth assignments of error are interrelated and will be addressed together. They state:

{¶ 19} "III. The trial court violated Cleveland Codified Ordinance § 149.08 by suspending the city of Cleveland's portion of the court costs."

{¶ 20} "IV. The trial court acted contrary to law by suspending the state's portion of court costs of a non-indigent defendant."

---

**2.** This defendant had four separate cases pending in the Cleveland Municipal Court, and the record is not clear on which case he spent time in jail.

{¶ 21} As to these assignments of error, appellant alleges that the appellee was found guilty of violating two Cleveland Codified Ordinances: (1) License Required to Operate under C.C.O. 435.01 and (2) Noise in Motor Vehicle in violation of C.C.O. 683.02, for which the trial court incorrectly failed to assess court costs without appellee's presenting proof of indigency. Appellee asserts that the court correctly made a finding of indigency by using a reasonable method focusing on a case-by-case basis. Appellee further argues that the formality of filing an affidavit of indigency is not required.

{¶ 22} R.C. 2947.23 provides: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs * * *."

{¶ 23} However, this court has held in *Cleveland v. Tighe,* Cuyahoga App. Nos. 81767 and 81795, 2003-Ohio-1845, at ¶ 9, 2003 WL 1849217, that "[n]evertheless, the legislature has indicated through other statutory provisions that these costs may be waived for indigent defendants." This court further stated:

{¶ 24} "Broad discretion is to be given to municipal and county trial judges when determining, under the totality of circumstances, the question of an individual's status as an indigent and the person's ability to pay costs. Requiring the filing of formal·affidavits of indigency, or requiring specific language or 'magic words' on the record, will only serve to overburden municipal and county trial courts. Such measures will not reasonably foster the fair assessment of a person's ability to pay court costs. At a minimum, the finding of indigency should be clear from the record and be based on a reasonable consideration of the circumstances in existence at the time of the finding, including the individual's financial condition." Id. at ¶ 15.

{¶ 25} Applying this rationale to the facts of the case sub judice, we conclude that it is neither clear from the record nor based on a reasonable consideration of the circumstances that the appellant is unable to pay court costs. The court merely asked appellant whether he was employed, which he denied. This brief inquiry does not qualify as an assessment of indigency. Although the court has broad discretion in this finding, we find that it will not overburden the court to delve more deeply before a determination of indigency can be found. Therefore, assignments of error three and four have merit and are sustained.

{¶ 26} For the foregoing reasons, the judgment of the Cleveland Municipal Court is reversed, and the cause is remanded for further proceedings in conformity herewith.

Judgment reversed
and cause remanded.

COLLEEN CONWAY COONEY and DIANE KARPINSKI, JJ., concur.