The STATE of Ohio, Appellee,

v.

ROUX, Appellant.

[Cite as State v. Roux, 154 Ohio App.3d 296, 2003-Ohio-4876.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 02–BA–11.

Decided Sept. 11, 2003.

</div>

Frank Pierce, Belmont County Prosecuting Attorney, and Thomas M. Ryncarz, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, State Public Defender, and Alison M. Clark, Assistant Public Defender, for appellant.

---

GENE DONOFRIO, Judge.

{¶ 1} Defendant-appellant, Joseph M. Roux, appeals from a Belmont County Common Pleas Court decision sentencing him for assault on a peace officer, a fourth-degree felony, and escape, a fifth-degree felony, after a guilty plea.

{¶ 2} On January 9, 2002, the Belmont County Grand Jury indicted appellant on one count of assault on a peace officer in violation of R.C. 2903.13(A), and one count of escape in violation of R.C. 2921.34(A)(1). The trial court found that appellant did not have the means to employ counsel and appointed a public defender to represent him. On January 25, 2002, appellant entered a guilty plea to both charges. The court found appellant guilty and later sentenced him to five years of community control sanctions. As part of the community control sanctions, appellant was ordered to serve 90 days in the Belmont County Jail, followed by six months at the Eastern Ohio Correction Center ("EOCC"), where appellant was to complete an intensive drug and alcohol program. The trial court additionally informed appellant that it would impose a prison term of 18 months if he violated his community control sanctions. The court also ordered appellant to pay court and prosecution costs totaling $251.90 and pay the victim $75 in restitution. On March 11, 2002, appellant filed his timely notice of appeal.

{¶ 3} Appellant raises two assignments of error the first of which states:

{¶ 4} "The trial court erred by imposing costs against an indigent defendant."

{¶ 5} Appellant argues that although R.C. 2947.23 governs a trial court's general authority to impose costs, R.C. 2949.14 specifically governs the procedure for the entry of a judgment for costs. R.C. 2949.14 provides:

{¶ 6} "Upon conviction of a *nonindigent* person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution * * *. Such bill of costs shall be presented by such clerk to the prosecuting attorney, who shall examine each item therein charged and certify to it if correct and legal. Upon certification by the prosecuting attorney, the clerk shall attempt to collect the costs from the person convicted." (Emphasis added.)

{¶ 7} Appellant contends that the language of R.C. 2949.14 implicitly establishes that court and prosecution costs may be certified and collected only from nonindigent defendants. Therefore, appellant urges, court costs may not be assessed against indigent individuals. Citing, *State v. Clark,* 4th Dist. No. 02CA12, 2002-Ohio-6684, 2002 WL 31742999; *State v. Heil* (Mar. 30, 2001), 11th Dist. No. 2000–G–2268, 2001 WL 314692, vacated on other grounds, 95 Ohio St.3d 531, 769 N.E.2d 852; *State v. Young* (July 14, 2000), 4th Dist. No. 00CA02, 2000 WL 995255. Appellant argues that he was indigent at trial and remains indigent. Because of his indigency, appellant concludes, the trial court should not have ordered him to pay costs.

{¶ 8} R.C. 2947.23(A)(1) provides: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." This statute makes no qualification that it applies only to "nonindigent" defendants, unlike R.C. 2949.14.

{¶ 9} Several appellate districts have dealt with whether a court can order an indigent defendant to pay court costs and have come to opposite conclusions. For example, the Eleventh District Court of Appeals has held that while it is clear that courts can charge nonindigent defendants court costs, the use of the term "nonindigent" implies that courts cannot assess indigent defendants court costs in felony cases. *Heil,* 11th Dist. No.2000–G–2268. The court relied on the principle that specific statutory provisions control over conflicting general statutory provisions and found that R.C. 2949.14 therefore controlled over R.C. 2947.23. Id.

{¶ 10} Likewise, the Fourth District Court of Appeals has stated:

{¶ 11} " 'The use of the term "nonindigent" [in R.C. 2949.14] implies that *indigent* defendants cannot be assessed court costs in felony cases.' *Heil,* supra. (Emphasis in original.) This interpretation is supported by R.C. 2949.19, which delineates the procedure by which the clerk of common pleas may be reimbursed for the costs associated with the conviction of an indigent person." *Clark,* 4th Dist. No. 02CA12, at ¶ 18.

{¶ 12} Conversely, the Fifth District Court of Appeals has ruled:

{¶ 13} "R.C. 2949.14 does not govern the court's ability to order costs. The statute is directed at the ability of the clerk of courts to collect the costs from the person convicted. While R.C. 2949.14 provides a collection mechanism only for non-indigent defendants, nothing in R.C. 2947.23 prohibits the court from assessing costs to an indigent defendant as part of the sentence. In the event the indigent defendant at some point ceases to be indigent, the clerk could then collect costs pursuant to the procedure outlined in R.C. 2949.14. Ohio law does not prohibit a judge from including court costs as part of the sentence of an indigent defendant." *State v. White*, 5th Dist. No. 02CA23, 2003-Ohio-2289, at ¶ 9, 2003 WL 21025839.

{¶ 14} The Twelfth District Court of Appeals has articulated a similar sentiment, stating:

{¶ 15} "R.C. 2947.23 governs costs of prosecution and jury fees and provides, in part, that '[i]n all criminal cases * * *, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs.' Unlike the statutory provisions governing fines and court-appointed attorney fees, R.C. 2947.23 does not require a trial court to consider a defendant's ability to pay costs of prosecution. Based upon the plain language of R.C. 2947.23, we find that the trial court properly ordered appellant to pay the costs of prosecution." *State v. Cornelius*, 12th Dist. No. CA2001–01–008, 2002-Ohio-1429, 2002 WL 471162.

{¶ 16} We find the reasoning of the Fifth and Twelfth District Courts of Appeals persuasive. A distinction exists between ordering a defendant to pay costs and actually collecting those costs. R.C. 2947.23 merely provides that the court include costs as part of a defendant's sentence and render a judgment for those costs. This section makes no distinction between indigent and nonindigent defendants. In later attempting to collect the court-imposed costs, the clerk must then follow R.C. 2949.14. Therefore, we hold that a trial court may order an indigent defendant to pay court costs as part of his sentence. Accordingly, appellant's first assignment of error is without merit.

{¶ 17} Appellant's second assignment of error states:

{¶ 18} "The trial court erred in violation of Mr. Roux's right to due process of law by sentencing him to a maximum term of incarceration for assault. The sentence is not supported by the record and the trial court did not comply with the sentencing guidelines set forth in R.C. 2929.14."

{¶ 19} Appellant alleges that the court sentenced him to the maximum allowable term of incarceration in lieu of community control. Appellant was convicted of a fourth-degree felony and a fifth-degree felony. The maximum allowable sentence for a fourth-degree felony is 18 months. R.C. 2929.14(A)(4).

However, appellant urges that the trial court's imposition of this sentence was unlawful because the court failed to follow the R.C. 2929.14 requirements in meting out a maximum term.

{¶ 20} Appellant notes that pursuant to R.C. 2929.15(B), the prison term imposed for a violation of a community-control sanction must comply with R.C. 2929.14, citing *State v. Smith* (Sept. 17, 1999), 1st Dist. No. C980887, 1999 WL 728533. "The prison term, if any, * * * shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed * * *." R.C. 2929.15(B). Appellant argues that the record of the sentencing hearing must reflect the finding and the reasons for imposing a maximum sentence. Appellant contends that at his sentencing hearing, the trial court did not make any specific findings or give any explanation indicating that he had committed the worst form of the offense or posed the greatest likelihood of recidivism, as required by R.C. 2929.14(C). Rather, appellant continues, the trial court found that his crime was not serious enough to require a prison sanction. Accordingly, appellant concludes, the trial court's imposition of the maximum prison sentence was improper.

{¶ 21} In its February 28, 2002 judgment entry, the trial court sentenced appellant to five years of community control sanctions. Therefore, appellant incorrectly argues that this judgment imposed the maximum 18–month prison sentence. The 18–month sentence that appellant refers to is as follows: "In the event the defendant refuses entry into EOCC, defendant shall serve eighteen (18) months in the penitentiary." But the court did not impose this sentence when it sentenced appellant. Therefore, this issue is not ripe for review. *State v. Vlad,* 153 Ohio App.3d 74, 2003-Ohio-2930, 790 N.E.2d 1246, at ¶ 14. Accordingly, appellant's second assignment of error is not well taken.

{¶ 22} We note that in his reply brief, appellant asserts that this issue is ripe for review because the trial court found him in violation of his community control sanctions on September 26, 2002, and again on April 24, 2003. He further argues that the court erred in sentencing him to serve more than the maximum days in jail. He also filed a motion to supplement the record with the trial court's April 24, 2003 judgment entry, of sentence for violation of drug court. In this judgment entry, the court sentenced appellant to 16 months' imprisonment and gave him credit for 234 days of incarceration, including jail and EOCC time.

{¶ 23} Appellant, however, filed no notice of appeal from the April 24, 2003 judgment. Thus, this issue is not properly before us. Moreover, the appellate process is not the proper mechanism for the resolution of appellant's complaint here. On May 19, 2003, appellant filed a motion in the trial court for jail-time credit, alleging, in part, that the trial court had inaccurately calculated time served. On June 6, 2003, the trial court overruled appellant's motion, holding

that the April 24, 2003 sentencing entry accurately reflected the time to be served by appellant. Appellant failed to file a notice of appeal from that judgment. Therefore, the matter of appellant's jail-time credit is not properly before this court.

{¶ 24} For the reasons stated above, the trial court's decision is hereby affirmed.

Judgment affirmed.

VUKOVICH and WAITE, JJ., concur.