[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Shandell Willingham, appeals a conviction for possession of cocaine pursuant to R.C. 2925.11(A). In his sole assignment of error, he contends that the trial court erred by imposing a $7,500 fine and ordering him to pay court costs. This assignment of error is not well taken.
{¶ 3} Willingham's conviction for possession of cocaine, a second-degree felony, required the court to impose a mandatory fine of $7,500. R.C. 2929.11(E) and 2929.18(B)(1). R.C. 2929.18(B)(1) goes on to state, "If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." Thus, the statutory scheme requires a sentencing court to impose a mandatory fine upon an offender unless (1) the offender alleges in an affidavit filed with the court that the offender is indigent and unable to pay the mandatory fine, and (2) the court determines that the offender is, in fact, indigent. State v. Gipson, 80 Ohio St.3d 626,1998-Ohio-659, 687 N.E.2d 750; State v. Gilmer, 6th Dist. No. OT-01-015, 2002-Ohio-2045.
{¶ 4} In this case, the record does not demonstrate the Willingham filed the required affidavit. Willingham points out that the trial court stated at the sentencing hearing that "[t]here is an Affidavit of Indigency here which suggests that I should be remitting the fine." The Ohio Supreme Court has held, however, that the offender must deliver the affidavit to the clerk of courts to be filed and must have it time-stamped prior to the filing of the journal entry reflecting the trial court's sentencing decision. Gipson, supra, at syllabus. Such a filing did not occur in this case. The filing of the required affidavit is jurisdictional. Without it, the trial court must impose the mandatory fine. Gipson, supra.
{¶ 5} Further, the record indicates that the trial court was referring to an affidavit of indigency that Willingham had filed for the appointment of counsel. A distinction exists between an affidavit of indigency filed for the appointment of counsel and an affidavit filed with the court prior to sentencing concerning the offender's inability to pay the mandatory fine. A finding that a defendant is indigent for purposes of receiving assigned counsel does not dispense with the necessity of a separate finding that the defendant is indigent for purposes of waiving a mandatory fine. A separate affidavit is required.State v. Kobi (1997), 122 Ohio App.3d 160, 701 N.E.2d 420; State v.Dixon, 2nd Dist. No. 01CA17, 2001-Ohio-7075; State v. Lee (Apr. 13, 1995), 8th Dist. No. 67332; State v. Brown (June 6, 1990), 9th Dist. No. 14375.
{¶ 6} Even if the offender files the proper affidavit, he is not automatically entitled to a waiver of the mandatory fine. The burden is on the offender to affirmatively demonstrate that he is indigent and unable to pay the fine. Gipson, supra; Gilmer, supra. In this case, Willingham failed to present evidence regarding his income and assets. Consequently, he failed to meet his burden to demonstrate that he was unable to pay, and the trial court did not err in imposing the mandatory fine.
{¶ 7} As to the court costs, R.C. 2947.23 provides that, in all criminal cases, the court "shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." The issue of whether a trial court may assess court costs against an indigent defendant as part of the sentence is currently before the Ohio Supreme Court. See State v. White, 100 Ohio St.3d 1406, 2003-Ohio-4948,796 N.E.2d 534, and State v. White, 100 Ohio St.3d 1409, 2003-Ohio-4948,796 N.E.2d 536. Nevertheless, most of the appellate courts that have addressed the issue have found that the statute does not require the trial court to consider the defendant's ability to pay the costs of prosecution and does not prohibit the court from assessing costs on an indigent defendant. See State v. Roux, 154 Ohio App.3d 296,2003-Ohio-4876, ___ N.E.2d ___; State v. McDowell, 11th Dist. No. 2001-P-0149, 2003-Ohio-5352; State v. White, 5th Dist. No. 02CA23, 2003-Ohio-2289; State v. Cornelius, 12th Dist. No. CA2001-01-008, 2002-Ohio-1429.
{¶ 8} Further, the trial court has broad discretion in determining whether an individual is indigent. Cleveland v. King, 153 Ohio App.3d 326,2003-Ohio-3807, 794 N.E.2d 88. Under the circumstances of this case, we cannot hold that the trial court's decision refusing to find that Willingham was indigent was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See State v. Adams (1980),62 Ohio St.2d 151, 404 N.E.2d 144. Accordingly, the trial court did not err in imposing court costs. We overrule Willingham's assignment of error and affirm the trial court's judgment.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 Doan, P.J., Hildebrandt and Painter, JJ.