DECISION AND JUDGMENT ENTRY
{¶ 1} This is a re-opened appeal from a Washington County Common Pleas Court judgment of conviction and sentence finding William Schofield, defendant below and appellant herein, guilty of the offense of domestic violence in violation of R.C. 2919.25(A). The following error is assigned for our review:
"The Trial Court erred by imposing costs on Mr. Schofield, who was Indigent at the time of the sentencing."
 {¶ 2} Sherry and Randy Schofield were married in 1985 and had two children, Randall Schofield and Jessica Schofield. In 1994, Sherry became romantically involved with her husband's brother, William Schofield, appellant herein, and the two of them had a child, Ashley Schofield. Sherry and Randy divorced in 1995.
 {¶ 3} On October 16, 2000, Sherry, both Schofield brothers and their respective children lived in a mobile home in Vincent, Ohio. Around 9 PM an altercation occurred during which appellant struck Sherry in the face. Sherry screamed and other members of the household came to her defense. Her ex-husband began fighting with his brother, while Jessica grabbed a broken furnace door and swung it at her uncle.
 {¶ 4} Sherry exited the mobile home and appellant followed her. Eventually, appellant again struck Sherry. Once more, Randy Schofield came to his ex-wife's defense and the two brothers wrestled on the ground. Eventually, sheriff's deputies arrived and appellant fled.
 {¶ 5} On December 13, 2000, the Washington County Grand Jury returned an indictment charging appellant with domestic violence in violation of R.C. 2919.25(A).[1] He pled not guilty to the offense and the matter came on for a jury trial over several days in September, 2001. After the trial, the jury returned a guilty verdict.[2] The trial court entered a judgment of conviction on September 25, 2001, and the matter was passed for pre-sentence investigation.
 {¶ 6} On October 19, 2001, appellant filed a motion for new trial and claimed a violation of his rights had occurred. The trial court was not swayed and overruled the motion both for being out of rule and for lack of merit.
 {¶ 7} Subsequently, the trial court imposed a seven month prison sentence and, inter alia, ordered appellant to pay court costs. On March 18, 2002, the trial court issued an entry that formally overruled appellant's new trial motion. Appellant appealed both judgments and we affirmed his conviction as well as the trial court's denial of appellant's new trial motion. See State v. Schofield, Washington App. Nos. 01CA36 02CA13, 2002-Ohio-6945 ("Schofield I").
 {¶ 8} On March 6, 2003, appellant filed an application to reopen his appeal and argued that his appellate counsel had provided him with ineffective assistance by failing to raise an important issue inSchofield I. Specifically, appellant posited that counsel should have argued on appeal that appellant was indigent and unable to pay court costs. We agreed with that argument and granted his application. Statev. Schofield (May 23, 2003), Washington App. Nos. 01CA36 02CA 13 (Entry on Application to Reopen Appeal) ("Schofield II"). That issue is now before us on the reopened appeal.
 {¶ 9} Appellant asserts in his assignment of error that the trial court erred in ordering him to pay court costs. We agree with his argument.
 {¶ 10} As this Court noted in Schofield II, R.C. 2947.23 states that a trial court judge shall include in the sentence the costs of prosecution and render judgment against a defendant for such costs. However, R.C. 2949.14 allows for collection of costs only against "nonindigent" persons. This latter statute demonstrates a clear legislative intent that the assessment of court costs be waived for indigent defendants. See Cleveland v. Tighe, Cuyahoga App. Nos. 81767 81795, 2002-Ohio-1845, ¶¶ 9-11; State v. Clark, Pickaway App. No. 02CA12, 2002-Ohio-6684, ¶¶ 18-19; State v. Heil (Mar. 30, 2001), Geauga App. No. 2000-G-2268, judgment vacated for lack of a final appealable order 95 Ohio St.3d 531, 2002-Ohio-2841, 769 N.E.2d 852, ¶ 1.
 {¶ 11} Appellant filed two affidavits of indigency for purposes of appeal — one on November 8, 2001 and one on April 8, 2002. The prosecution did not contest appellant's status as an indigent during the first appeal of right and does not contest it now. This Court has held that an affidavit of indigency for purposes of obtaining counsel is sufficient to avoid the assessment of court costs. See Clark, supra at ¶¶ 21-22; State v. Ramirez, 153 Ohio App.3d 47, 794 N.E.2d 744,2003-Ohio-4107, at ¶ 9. We adhere to that position in this case and conclude that appellant's affidavits and previous indigent status were such that court costs should have been waived below.
 {¶ 12} We acknowledge, however, that authority exists to the contrary. The recent case of State v. Roux, 154 Ohio App.3d 296,797 N.E.2d 112, 2003-Ohio-4876, is a good example of the contrary argument. Our colleagues in the Seventh District held as follows:
"A distinction exists between ordering a defendant to pay costs and actually collecting those costs. R.C. 2947.23 merely provides that the court include costs as part of a defendant's sentence and render a judgment for those costs. This section makes no distinction between indigent and nonindigent defendants. In later attempting to collect the court-imposed costs, the clerk must then follow R.C. 2949.14." ¶ 16.
 {¶ 13} This is, in essence, the same position taken by the Fifth District in State v. White, Guernsey App. No. 02CA23, 2003-Ohio-2289, and the Twelfth District in State v. Cornelius, Butler App. No. CA2001-08, 2002-Ohio-1429.
 {¶ 14} While there is certainly merit to that argument, we continue to agree with our colleagues in other districts that R.C. 2947.23 and R.C. 2949.14 must be read pari materia and show a legislative intent that the assessment of court costs be waived for indigent defendants. SeeCleveland v. Tighe, supra (Twelfth District) and State v. Heil, supra (Eighth District).
 {¶ 15} We also acknowledge that this issue is now before the Ohio Supreme Court as a result of a conflict between our decision in Clark,
supra, and the decision of the Fifth District in White, supra. See Statev. White, 100 Ohio St.3d 1406, 796 N.E.2d 534, 2003-Ohio-4948. Until such time as the Ohio Supreme Court decides that case we will follow our decisions in Clark and Ramirez and will continue to follow the lead of the Eighth District in Heil and the Twelfth District in Tighe.
 {¶ 16} For these reasons, appellant's assignment of error is well taken and is hereby sustained. The judgment of the trial court is modified pursuant to App.R. 12(A)(1)(a) to delete the imposition of court costs. The remainder of the judgment is affirmed as modified.
Judgment Affirmed as Modified.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] The indictment further alleged that appellant had several prior domestic violence convictions. The prior convictions elevated the offense from a first degree misdemeanor to a fifth degree felony. See R.C.2919.25(D).
[2] The parties stipulated to appellant's previous domestic violence convictions.