{¶ 27} I must respectfully dissent. I do not believe indigent defendants convicted of a felony should be assessed court costs.
 {¶ 28} R.C. 2949.14, states, in part, "[u]pon conviction of anonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution * * *." (Emphasis added.)
 {¶ 29} By comparison, R.C. 2947.23 stated, in part, "[i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs."
 {¶ 30} There is a conflict between R.C. 2947.23 and 2949.14, as the first statute requires that all convicted defendants be assessed costs, while the second statute requires the clerk to assess costs only on convicted, nonindigent felons. Special provisions of statutes prevail over general provisions.[1] R.C. 2949.14 is a special provision, as it sets forth the specific procedure to collect court costs from nonindigent, convicted felons. R.C. 2947.23 is a general provision, as it merely states that the trial court shall include court costs in all sentences. Thus, R.C. 2949.14, as a special provision, prevails over R.C. 2947.23.
 {¶ 31} Even if R.C. 2949.14 is not classified as a special provision, it still prevails over R.C. 2947.23. When statutes are irreconcilable, the statute later enacted prevails.[2] R.C. 2949.14 was enacted subsequent to R.C. 2947.23.
 {¶ 32} Moreover, R.C. 2949.19 sets forth the procedure for clerks to recover the costs associated with the conviction of an indigent felon. This statute is further evidence of the intent of the legislature not to assess court costs for indigent persons convicted of a felony.
 {¶ 33} The above analysis has been applied by the Fourth Appellate District.[3] In State v. Young, the court held that court costs could not be imposed on indigent defendants convicted of a felony.[4] InState v. Clark, the Fourth District reaffirmed its position on this issue, again holding that a trial court may not assess costs against indigent defendants.[5]
 {¶ 34} As noted by the majority, in State v. Pasqualone, this court did note that the Fifth Appellate District has held that a trial court was not prohibited from imposing court costs on an indigent defendant.[6]
However, subsequent to this court's decision in Pasqualone, this court issued its decision in State v. Heil, wherein this court held that court costs could not be imposed on indigent defendants convicted of a felony. This court adopted the legislative analysis of State v. Young.[7] In addition, this court held "the legislature intended to relieve indigent felony defendants from the burden of court costs, just as they are relieved from having to pay for an attorney, pay for expert witnesses, pay for filing fees, or pay for transcripts."[8] The Supreme Court of Ohio vacated this court's opinion in State v. Heil, due to the lack of a final appealable order.[9]
 {¶ 35} While there are numerous appellate cases that have held that indigent defendants are required to pay costs, many of these cases do not address the implications of R.C. 2949.14.[10] Both this court and the Seventh Appellate District have recently held that R.C. 2947.23 and R.C.2949.14 are not in conflict and that R.C. 2949.14 does not prohibit a trial court from imposing court costs on an indigent defendant convicted of a felony.[11] State v. Roux and State v. McDowell cite the decision from the Fifth Appellate District in State v. White.[12] The Fifth Appellate District's opinion in State v. White has been appealed to the Supreme Court of Ohio, which has certified a conflict on the issue of whether a trial court may assess court costs on an indigent defendant convicted of a felony.[13]
 {¶ 36} I acknowledge that I concurred in the State v. McDowell
Opinion. However, after further examination of the issue, I believe it is fundamentally wrong to impose court costs on indigent persons.
 {¶ 37} I would follow this court's holding in State v. Heil, that a trial court cannot assess court costs on indigent persons convicted of a felony. This holding is consistent with R.C. 2949.14, R.C. 2949.19, and case law from the Fourth Appellate District.
 {¶ 38} Accordingly, I would affirm the judgment of the trial court.
[1] State v. Rush (1998), 83 Ohio St.3d 53, 58; R.C. 1.51.
[2] State v. Rush, 83 Ohio St.3d at 58; R.C. 1.52.
[3] State v. Young (July 14, 2000), 4th Dist. No. 00CA02, 2000 Ohio App. LEXIS 3316.
[4] Id.
[5] State v. Clark, 4th Dist. No. 02CA12, 2002-Ohio-6684.
[6] State v. Pasqualone, 140 Ohio App.3d 650, 657, fn. 4, quoting Statev. Payne (Dec. 20, 1999), 5th Dist. Nos. 99CAA05024, 99CAA05025, 99CAA05026, 99CAA05027, and 99CAA05028, 2000 WL 1405, at *3.
[7] State v. Heil (Mar. 30, 2001), 11th Dist. No. 2000-G-2268, 2001 Ohio App. LEXIS 1552.
[8] Id. at *6.
[9] State v. Heil, 95 Ohio St.3d 531, 2002-Ohio-2841, at ¶2.
[10] See State v. Morrison, 10th Dist. No. 02AP-651, 2003-Ohio-1517;State v. Flanagan, 12th Dist. No. CA2002-05-120, 2003-Ohio-1444; Statev. Payne, supra; and State ex rel. Pless v. McMonagle (2000),139 Ohio App.3d 503.
[11] State v. McDowell, 11th Dist. No. 2001-P-0149, 2003-Ohio-5352;State v. Roux, 154 Ohio App.3d 296, 2003-Ohio-4876.
[12] State v. White, 5th Dist. No. 02CA23, 2003-Ohio-2289.
[13] State v. White, 100 Ohio St.3d 1406, 2003-Ohio-4948.