OPINION
{¶ 1} Appellant Troy Brunson pleaded guilty to one count of harassment by an inmate. Appellant was incarcerated in the Belmont Correctional Institution when the crime occurred. The trial court's sentencing entry assessed court costs of $285.60, along with an additional court cost of $230.00 to reimburse the Belmont County Clerk of Courts for audiotapes. Appellant argues that the $230.00 assessment is improper because it was not part of his plea agreement and because the court did not determine if he was able to pay the court costs. In contrast to Appellant's assertion, his written plea agreement explained that court costs may be imposed. In addition, this Court has recently ruled that court costs may be assessed against an indigent defendant and the trial court is not required to determine the defendant's ability to pay the costs. State v. Roux, 154 Ohio App.3d 296,2003-Ohio-4876. Appellant's arguments are without merit, and the judgment of the Belmont County Court of Common Pleas is affirmed.
 {¶ 2} On July 3, 2002, Appellant was indicted on one count of harassment by an inmate. The indictment stated that Appellant was incarcerated at the Belmont Correctional Institution and had expelled a bodily substance upon Correction Officer Ben J. Hilt. The record reveals that Appellant spit on the officer.
 {¶ 3} On March 17, 2003, Appellant entered into a written plea agreement. He agreed to plead guilty to one count of harassment by an inmate, R.C. § 2921.38(A), a fifth-degree felony. The agreement stated that Appellant was subject to up to 12 months in prison, up to $2500 in fines, and that, "[c]ourt costs, restitution and other financialsanctions including fines, day fines, and reimbursement for the costs of any sanctions may also be imposed."
 {¶ 4} On March 17, 2003, the court held a combined plea and sentencing hearing. On March 20, 2003, the court filed its judgment entry. Appellant was sentenced to six months in prison, to be served consecutively to his current prison term, as well as $285.60 in court costs, and $230.00 in additional court costs to reimburse the Belmont County Clerk of Courts for audiotapes. Appellant filed this timely appeal on April 21, 2003.
 {¶ 5} Appellant's first assignment of error states:
 {¶ 6} "I. The trial court erred by including in its journal entry the requirement that the appellant pay to the clerk of courts the amount of $230.00 as and for the costs of audio tapes to be reimbursed to the office of the prosecuting attorney for deposit into its furtherance of justice fund, when the court failed to either mention this requirement in court or to make any findings of ability to pay."
 {¶ 7} This assignment of error contains two subissues. In the first subissue, Appellant argues that the $230.00 assessment of court costs was not part of his plea agreement and was not mentioned during the March 17, 2003, plea hearing. Presumably, Appellant is arguing that the trial court did not comply with Crim.R. 11, which states:
 {¶ 8} "(C) Pleas of guilty and no contest in felony cases.
 {¶ 9} "* * *
 {¶ 10} "(2) In felony cases the court * * * shall not accept a plea of guilty or * * * without first addressing the defendant personally and doing all of the following:
 {¶ 11} "(a) Determining that the defendant is making theplea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 12} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 13} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." (Emphasis added.)
 {¶ 14} The implication of Appellant's argument is that his plea was not voluntary because he did not know that part of the possible penalty that might result from his plea was that he would be charged $230 for reimbursement of court costs.
 {¶ 15} Appellant is correct that the trial judge did not specifically mention that a possible consequence of the guilty plea was that Appellant would be subject to reimbursement costs in the amount of $230. The trial court's failure to mention this is not necessarily reversible error. A reviewing court examines whether a trial court substantially complied with the non-constitutional provisions of Crim.R. 11(C), and must also determine whether the defendant was prejudiced by any error in the Crim.R. 11 proceedings. State v. Stewart (1977),51 Ohio St.2d 86, 93, 364 N.E.2d 1163. It does not appear that Appellant could have been prejudiced by the trial court's failure to mention the possibility of court costs, because Appellant's written plea agreement clearly stated that one of the consequences of the plea was that court costs could be imposed. Furthermore, the trial judge substantially complied with Crim.R. 11(C) by directly informing Appellant, "[c]ourt costs and restitution could also be ordered." (Tr., p. 5.) For these reasons, Appellant's first argument of error is without merit.
 {¶ 16} The second subissue asserts that the trial court could not impose $230 in court costs without first making a determination that Appellant was able to pay those costs. Appellant erroneously cites R.C. § 2929.19(B)(6), which is a statute dealing with fines and not with court costs. The relevant statute is R.C. § 2947.23, which requires that, "[i]n all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." This Court has recently held that a trial court is not required to hold a hearing or otherwise determine an offender's ability to pay before ordering him to pay court costs. Roux, 154 Ohio App.3d 296, 2003-Ohio-4876, ¶ 16. We held that R.C. § 2947.23 makes no distinction between indigent defendants and defendants who have the ability to pay court costs, but rather, simply orders the judge to impose court costs on the defendant. Id. at ¶ 8. The issue of ability to pay court costs only arises in the collection phase of the process. Roux
at ¶ 16.
 {¶ 17} The Ohio Supreme Court has accepted Roux for review as being in conflict with State v. Clark, 4th Dist. No. 02-CA-62, 2002-Ohio-6684. Some courts, including Clark, do not permit court costs to be assessed against indigent defendants, primarily on the authority of R.C. § 2949.14, which states: "[u]pon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution, * * * [and] the clerk shall attempt to collect the costs from the person convicted." (Emphasis added.) The obvious implication of this statute is that the clerk of court may not attempt to collect court costs from an indigent defendant. Until the Ohio Supreme Court rules on this issue, the current holding of this Court is that the imposition of court costs is proper whether or not the defendant is indigent. Based on our holding in Roux, Appellant's second subissue is without merit.
 {¶ 18} For these reasons mentioned above, Appellant's first assignment of error is overruled.
 {¶ 19} Appellant's second assignment of error states:
 {¶ 20} "II. The trial court erred by finding the appellant guilty after his plea of guilty, where the state of ohio had engaged in a course of selective prosecution of this appellant."
 {¶ 21} Appellant challenges the validity of his conviction based on selective prosecution. The long-established rule in Ohio is that a defendant's plea of guilty is also a waiver of all non-jurisdictional errors, except for the claim that the plea itself was made involuntarily. State v. Spates (1992),64 Ohio St.3d 269, 271-272, 595 N.E.2d 351. Appellant is not asserting that selective prosecution somehow made his plea involuntary, and therefore Appellant's second assignment of error is without merit. Even if this error were not waived, there is nothing in the record that could possibly indicate selective prosecution, and Appellant would need to resort to post-conviction relief proceedings in order to assert his claim.
 {¶ 22} Based on the previous analysis, Appellant's assignments of error are without merit and the judgment of the Belmont County Court of Common Pleas is hereby affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.