ACCELERATED JOURNAL ENTRY AND OPINION
{¶ 1} Pursuant to R.C. 2945.67, Appellant, City of Cleveland ("Appellant"), appeals from the judgment of the Cleveland Municipal Court, which suspended the mandatory fine for a conviction for parking in a handicap zone. For the reasons set forth below, we reverse and remand.
 {¶ 2} On December 23, 2004, Appellee was cited for driving under a suspended license in violation of R.C. 435.07 and parking near a curb and handicapped parking space in violation of R.C. 4511.69(F). Appellee pled not guilty to these charges.
 {¶ 3} On February 8, 2005, the Appellant nolled the driving under suspension charge and the Appellee pled no contest to parking in a handicapped zone. The trial court found the Appellee guilty of the charge, but suspended the mandatory fine.
 {¶ 4} On April 11, 2005, we granted Appellant leave to appeal. Appellant assigns one error for our review, which states:
 {¶ 5} "The trial court lacked authority to suspend the mandatory fine imposed by Ohio Revised Code R.C. 4511.99 [sic 4511.69]."[1]
 {¶ 6} In its sole assignment of error, Appellant maintains that the trial court lacked the authority to suspend the mandatory fine for illegally parking in a handicap space.
 {¶ 7} A trial court has broad discretion in imposing a sentence. Accordingly, an appellate court may modify a trial court's sentence only if it clearly and convincingly determines that the record does not support the court's findings, or that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also, State v. Martin, 136 Ohio App.3d 355,361, 1999-Ohio-814, 736 N.E.2d 907. "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Ohio State Bar Assn. v. Reid,85 Ohio St.3d 327, 331, 1999-Ohio-374, 708 N.E.2d 193, citing Cross v.Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 8} R.C. 4511.69 (J)(2)(a) governs punishment for illegally parking in a handicap zone, a violation of R.C. 4511.69(F) and provides in pertinent part:
 {¶ 9} "(2) (a) Whoever violates division (F)(1)(a) or (b) of this section is guilty of a misdemeanor and shall be punished as provided in division (J)(2)(a) and (b) of this section. Except as otherwise provided in division (J)(2)(a) of this section, an offender who violates division (F)(1)(a) or (b) of this section shall be fined not less than two hundred fifty nor more than five hundred dollars. * * *"
 {¶ 10} In City of Cleveland v. King, 153 Ohio App.3d 326, 328,2003-Ohio-3807, 794 N.E.2d 88, this court was presented with the same issue Appellant asserts in this case. In King we held that the trial court had no authority to suspend a mandatory fine prescribed by statute, but could impose community service in lieu of a mandatory fine if the trial court found the offender indigent. Id. In that case, the defendant pled no contest and the trial court found him guilty of illegally parking in a handicap zone. Id. Nevertheless, the trial court waived the mandatory fines prescribed by R.C. 4511.99, which stated "Whoever violates division (F)(1)(a) or (b) of section 4511.69 of the Revised Code is guilty of a misdemeanor and shall be fined not less than two hundred fifty nor more than five hundred dollars * * *."
 {¶ 11} In reversing the trial court's sentence, we found that the General Assembly, by choosing the words "shall," denoted a mandatory fine and a trial court could not waive the fine that the legislature prescribed as punishment for parking in a handicap zone. Id. However, we also held that, pursuant to R.C. 2951.02(F)(1), a trial court may substitute community service for a mandatory fine if the offender makes an application for indigency and the trial court determines the offender was financially unable to pay the fine. King, supra. Accordingly, we remanded the case to the trial court to impose the mandatory fine, or if the court found the defendant indigent, to impose community sanctions in lieu of the fine.
 {¶ 12} As in King, Appellee in this case pled no contest to illegally parking in a handicap zone, a violation of 4511.69(F). Also, like King,
the trial court found Appellee guilty of this charge, but nevertheless, suspended the mandatory fine prescribed by statute. As stated earlier, R.C. 4511.69 (J)(2)(a) states in pertinent part: "* * * an offender who violates division (F)(1)(a) or (b) of this section shall be fined not less than two hundred fifty nor more than five hundred dollars. * * *" (emphasis added.) It is clear, by the use of the term "shall" in the statute, that the trial court in this case, by suspending the mandatory fine, imposed a sentence contrary to law. See State v. O'Mara (1922),105 Ohio St. 94, 136 N.E. 885, paragraph one of the syllabus. Therefore, we reverse and remand this case to the lower court to impose the mandatory fines pursuant to R.C. 4511.69(J)(2) unless it finds that the Appellee is unable to pay the fine, in which case, the court may impose community service in lieu of the fine.
 {¶ 13} Appellee's claim that the Appellant is collaterally estopped from bringing this appeal because the Appellant implicitly waived any appeals by taking a plea agreement lacks legal merit. In the absence of a record concerning the substance of the plea agreement, we must presume regularity and reject Appellee's claim that the plea agreement included a waiver of appeal. See State v. Teman, Van Wert App. No. 15-03-13, 2004-Ohio-1949, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384. We also find Appellee's argument meritless because, pursuant to R.C. 2945.67(A), the prosecution generally enjoys a qualified right to appeal a trial judge's failure to impose a mandatory sentence. State ex rel. Cleveland v. Calandra (1980),62 Ohio St.2d 121, 16 O.O.3d 143, 403 N.E.2d 989. Therefore, Appellant was not collaterally estopped from bringing this appeal.
 {¶ 14} Therefore, we reverse and remand this case for sentencing consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Corrigan, J., concur.
[1] Prior to 2004, R.C. 4511.99 contained the penalty provision for violations of R.C. 4511.69(F), illegally parking in a handicap zone. In 2004, the penalty provision for violations of 4511.69(F) was codified at R.C. 4511.69(J), but the substance of the penalty remained the same.