The STATE of Ohio, Appellee,

v.

RAMIREZ, Appellant.

[Cite as *State v. Ramirez*, 153 Ohio App.3d 477, 2003-Ohio-4107.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 02CA64.

Decided July 25, 2003.

478

David H. Bodiker, State Public Defender, and Stephen P. Hardwick, Assistant State Public Defender, for appellant.

Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, for appellee.

PETER B. ABELE, Judge.

{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. The trial court found that Nathan C. Ramirez, defendant below and appellant herein, violated previously imposed community-control sanctions. The following errors are assigned for our review[1]:

FIRST ASSIGNMENT OF ERROR:

"The trial court erred by imposing restitution without considering Mr. Ramirez's ability to pay."

SECOND ASSIGNMENT OF ERROR:

"The trial court erred by imposing costs."

{¶ 2} On April 20, 2000, appellant pled guilty to one count of theft in violation of R.C. 2913.02. The trial court sentenced appellant to serve five years of community control, to include participation in SEPTA, and to pay restitution and court costs. Appellant did not appeal that judgment.

---

1. Appellant originally posited three assignments of error in his brief. On April 1, 2003, we allowed appellant to withdraw his second assignment of error. We have therefore renumbered the third assignment of error from his brief as his second assignment of error.

{¶ 3} On June 25, 2002, the prosecution filed a complaint and asserted that appellant violated the terms of his community control. A second complaint, charging additional violations, was filed two months later. On October 17, 2002, the trial court found six community-control violations. The court ordered appellant to serve eleven months' imprisonment, to pay the balance of restitution due the victim, and to pay "costs of prosecution." This appeal followed.

## I

█ {¶ 4} Appellant argues in his first assignment of error that the trial court erred in ordering him to pay the remaining balance of restitution due on his original theft conviction without first determining that he had the ability to pay such restitution. We do not reach the merits of this argument because we agree with the state that the issue is res judicata and cannot be revisited at this stage of the proceedings.

{¶ 5} We note that the October 17, 2002 judgment simply repeats that appellant owes restitution to the victim of his original theft offense. We further note that the original sentencing entry imposed the restitution required in the first place. Appellant did not appeal from that restitution order and, thus, the matter is now res judicata.[2]

{¶ 6} Accordingly, appellant's first assignment of error is hereby overruled.

## II

█ {¶ 7} Appellant argues in his second assignment of error that the trial court erred in ordering him to pay the "costs of prosecution" in light of his status as an indigent. The state concedes this argument in its brief and we agree.[3]

{¶ 8} R.C. 2947.23 provides that in criminal cases, the trial court judge shall include in the sentence the costs of prosecution and render judgment against a defendant for such costs. At the same time, however, R.C. 2949.14 allows for the

---

**2.** The principle of res judicata holds that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and constitutes an absolute bar to a subsequent action involving the same claim, demand, or course of action. *Karnes v. Karnes* (Aug. 17, 2001), Athens App. No. 00CA53, 2001 WL 978867. In short, once a matter is judicially decided, it is *finally* decided. Id.

**3.** We assume that appellant's second assignment of error is directed at the "costs of prosecution" he was ordered to pay in the October 17, 2002 judgment rather than the court costs he was ordered to pay in the June 5, 2000 sentencing entry. As with the issue of restitution, the order to pay court costs for the original theft prosecution is now res judicata and cannot be appealed.

collection of costs only against "nonindigent" persons. This latter statute demonstrates a clear legislative intent that the assessment of court costs be waived for indigent defendants. See *Cleveland v. Tighe,* Cuyahoga App. Nos. 81767 and 81795, 2003-Ohio-1845, 2003 WL 1849217, ¶ 9–11; *State v. Clark,* Pickaway App. No. 02CA12, 2002-Ohio-6684, 2002 WL 31742999, ¶ 18–19; *State v. Heil* (Mar. 30, 2001), Geauga App. No. 2000–G–2268, 2001 WL 314692, judgment vacated for lack of a final appealable order, 95 Ohio St.3d 531, 2002-Ohio-2841, 769 N.E.2d 852, ¶ 1.

{¶ 9} Appellant filed affidavits of indigency (for purposes of obtaining representation) after each complaint charging violations of community control. The state did not contest his status as an indigent during the trial court proceedings and does not contest it now. This court has held that an affidavit of indigency for purposes of obtaining representation is sufficient to avoid the assessment of court costs. *Clark,* supra, at ¶ 21–22; *State v. Schofield* (Dec. 11, 2002), Washington App. Nos. 01CA36 and 02CA13, 2002-Ohio-6945, 2002 WL 31817953 (entry on application to reopen appeal). We likewise find in the instant case that appellant's affidavits provided a sufficient basis to waive court costs.

{¶ 10} Accordingly, appellant's second assignment of error is well taken and is hereby sustained.

{¶ 11} Having sustained that assignment of error, the judgment of the trial court is modified to delete the order that appellant pay "costs of prosecution." The remaining part of the judgment is affirmed.

Judgment affirmed
as modified.

EVANS, P.J., and HARSHA, J., concur.