DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from Adams County Common Pleas Court judgments of conviction and sentence. The jury found Thomas E. Nicely, defendant below and appellant herein, guilty of aggravated arson in violation of R.C. 2929.02(A)(2), and receiving stolen property in violation of R.C. 2913.51(A). The following errors are assigned for our review:
 {¶ 2} First assignment of error:
 {¶ 3} "Trial counsel provided ineffective assistance of counsel in violation of the
 {¶ 4} Sixth amendment to the united states constitution and the ohio constitution, Section 10, Article I for failing to object to evidence that mr. nicely was previously charged with using weapons while intoxicated and was characteristically intoxicated. trial counsel also failed to object to prejudicial evidence that contained no probative value."
 {¶ 5} Second assignment of error:
 {¶ 6} "The trial court committed plain error and Denied mr. nicely due process of law by allowing prior bad act, character testimony, and unfairly prejudicial evidence in violation of thefifth and fourteenth amendments to the united states constitution and Section 16, Article I of the Ohio Constitution."
 {¶ 7} Third Assignment of Error:
 {¶ 8} "The trial court erred by imposing costs on Mr. Nicely, who was indigent at the time of sentencing."
 {¶ 9} Fourth Assignment of Error:
 {¶ 10} "The trial court erred when it sentenced Mr. Nicely to consecutive prison terms without setting forth supporting reasons required by R.C. 2929.19(B)(2)(c)."
 {¶ 11} On the evening of June 16, 2003, a fire consumed Cecil Parker's single-wide mobile home. During the commotion, one of Parker's neighbors, Brant Lewis, noticed his missing four-wheeler. The vehicle was later discovered on the property of Mike Rohrig, appellant's half-brother.
 {¶ 12} On July 11, 2003, the Adams County Grand Jury returned an indictment charging appellant with aggravated arson and receiving stolen property.[2] Appellant pled not guilty and the matter came on for jury trial. At trial, appellant's ex-girlfriend, Barbara Boerger, testified that she rode with appellant on a four-wheeler to Cecil Parker's mobile home and watched appellant pour a liquid from a container onto the floor of the structure.[3] Boerger further testified that she watched as flames engulfed the mobile home. Afterwards, Boerger related that they drove to appellant's parents' home and appellant told his mother and father that he had burned down Cecil Parker's mobile home. Later that evening, appellant asked Boerger to engage in sexual relations with him because the following day he would likely be in jail.
 {¶ 13} Brant Lewis testified that he lived across the street from appellant. On the evening that Parker's mobile home caught on fire, appellant came over drunk. Appellant waived a gun and wanted to borrow Lewis's four-wheeler. Lewis did not let appellant borrow the vehicle, but later noticed it was missing. Mike Rohrig, appellant's next door neighbor, observed his half-brother and Barbara Boerger riding the four-wheeler later that evening.[4]
 {¶ 14} Josh Hobbs, an investigator with the State Fire Marshall's Office, testified that he conducted an investigation and concluded that the fire was set and that it began somewhere near the door of the dwelling. He and Dr. Christa Rajendram, also of the Fire Marshall's office, testified that boots and shorts that appellant wore that day tested positive for gasoline. Hobbs conceded that no trace of gasoline was found in the burned out hull of the mobile home, but explained that this was not unheard of with a "lighter" fuel like gasoline which can be totally consumed in a fire.
 {¶ 15} Appellant denied that he set fire to Cecil Parker's mobile home. Appellant suggested that his ex-girlfriend, Boerger, may have been angry with him for cheating on her with other women. He also explained that the traces of gasoline on his boots and shorts resulted from work he performed earlier in the day on his lawn mower.[5] Appellant also admitted that he took Lewis's four-wheeler, but claimed that Lewis gave him permission to do so.
 {¶ 16} The jury ultimately returned guilty verdicts on both counts. The trial court entered a judgment of conviction and ordered a pre-sentence investigation. At the October 14, 2003 sentencing hearing the trial court imposed a seven year prison term on count one (arson) and a one year prison term on count two (receiving stolen property). The court ordered the sentences to be served consecutively. The trial court further ordered that appellant pay "all costs of the prosecution." This appeal followed.
 I {¶ 17} We jointly address the first and second assignments of error as they raise similar issues. Appellant cites five instances in the transcript in which various witnesses testified to his alcohol consumption and possession of a firearm on the evening of June 16th. We note that although appellant was originally charged with possession of a firearm while intoxicated, the authorities later dismissed that charge and appellant contends that all testimony to that effect was irrelevant and should have been excluded.
 {¶ 18} Because the defense did not object to that testimony at trial, appellant's first argument is that its admission into evidence constitutes plain error. We disagree. To begin, we are not persuaded that this evidence was irrelevant and should have been excluded. Whether this evidence should have been excluded depends on the reason it was proffered. If this testimony was elicited to merely establish that appellant is a violent drunk and of bad character, then it must be deemed to be irrelevant.
 {¶ 19} If, however, this evidence was introduced to establish appellant's state of mind that evening, it is relevant. SeeState v. Thacker, Marion App. No. 9-03-37, 2004-Ohio-1047 at ¶ 22; State v. Cooperider, Marion App. No. 9-03-11, 2003-Ohio-5133 at ¶ 17 (evidence showing state of mind is relevant). Inebriation makes one less rational, and less inhibited, than a state of sobriety. If appellant was indeed inebriated that particular night, it is relevant to determining appellant's state of mind to commit arson.[6] Furthermore, testimony that appellant possessed a firearm was relevant to establishing motive. See State v. Cureton (Oct. 9, 2002), Medina App. No. 01CA3219-M; State v. Holman (Mar. 14, 1994), Clinton App. No. CA93-07-016; State v. Wooten (Jun. 29, 1989), Athens App. No. 1359 (evidence establishing motive is relevant and admissible). We note that Brant Lewis testified that shortly before the fire, appellant came to his house intoxicated, waved a gun and threatened to kill the "M.F.'er." While the identity of the "M.F.'er" to whom appellant referred was not definitively revealed, this evidence established that appellant was angry at someone that evening — angry enough to kill that person or, possibly, to burn down his home.
 {¶ 20} Appellant also fails to persuade us that the Ohio Rules of Evidence mandated exclusion of this testimony. Evidence of other crimes, wrongs or acts are not admissible to show a person "acted in conformity therewith." (Emphasis added.) Evid.R. 404(B). In this case, however, the testimony was not offered to prove either a drinking offense or a firearm offense. Arson is unrelated to intoxication or carrying a firearm and we do not believe that the jury could have convicted appellant of arson simply because they heard evidence that he drank or carried a gun.
 {¶ 21} Appellant also suggests that the evidence should have been excluded because, though relevant, it was unfairly prejudicial. Again, we are not persuaded. Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. Evid.R. 403(A). But unfavorable evidence is not the same thing as unfairly prejudicial evidence. State v. Bowman (2001),144 Ohio App.3d 179, 185, 759 N.E.2d 856; State v. Geasley (1993),85 Ohio App.3d 360, 373, 619 N.E.2d 1086. Unfairly prejudicial evidence is evidence that might result in an improper basis for a jury decision. Oberlin v. Akron Gen. Med. Ctr. (2001),91 Ohio St.3d 169, 172, 743 N.E.2d 890; State v. Broadnax (Feb. 16, 2001), Montgomery App. No. 18169. It is evidence that arouses the jury's emotions or evokes a sense of horror or appeals to an instinct to punish unfairly. Oberlin, supra at 172 citing Weissenberger's Ohio Evidence (2000) 85-87, Section 403.3. We do not believe that evidence of appellant's intoxication, or waiving around a firearm, falls into this category.
 {¶ 22} Assuming arguendo that this testimony should have been excluded, we certainly do not believe that its admission into evidence constitutes plain error. Notice of plain error under Crim.R. 52(B) is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Barnes (2002),94 Ohio St.3d 21, 27, 759 N.E.2d 1240; State v. Hill (2001),92 Ohio St.3d 191, 196, 749 N.E.2d 274; State v. Landrum (1990),53 Ohio St.3d 107, 111, 555 N.E.2d 710. The plain error rule should not be invoked unless it can be said that, but for the error, the outcome of the proceedings below would clearly have been otherwise. See State v. Jackson (2001), 92 Ohio St.3d 436, 438,751 N.E.2d 946; State v. Sanders (2001), 92 Ohio St.3d 245,263, 750 N.E.2d 90; State v. Underwood (1983), 3 Ohio St.3d 12,444 N.E.2d 1332, at the syllabus. We cannot say that in this case.
 {¶ 23} Barbara Boerger was present when appellant set the fire and specifically identified him as the perpetrator. Chemical tests detected gasoline on his clothing and an arson investigation expert testified that the fire was deliberately set — most likely with an accelerant like gasoline. While appellant explained that he may have gotten gasoline on him while repairing his lawnmower, this was contradicted by his earlier statements that he had not been around gasoline for years and did not have enough to even mow his own lawn.
 {¶ 24} Insofar as the four-wheeler was concerned, appellant himself admitted to being on the vehicle. Thus, the only issue involved whether he had permission to do so. Brant Lewis, the four-wheeler's owner, testified that he did not. In short, overwhelming evidence points to appellant as the perpetrator of these two offenses. Accordingly, we find no plain error in the admission of that evidence.
 {¶ 25} Appellant also argues trial counsel was constitutionally ineffective for failing to object to this testimony. We disagree. In order to obtain a reversal of conviction on the grounds of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense so as to deprive him of a fair trial. See Strickland v.Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674,104 S.Ct. 2052; also see State v. Issa (2001), 93 Ohio St.3d 49, 67,752 N.E.2d 904; State v. Goff (1998), 82 Ohio St.3d 123, 139,694 N.E.2d 916. Both prongs of this test need not be analyzed if a claim can be resolved under only one of them. See State v.Madrigal (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52. Thus, if a claim can be resolved because appellant has not shown prejudice, that course of action should be followed. See Statev. Loza (1994), 71 Ohio St.3d 61, 83, 641 N.E.2d 1082.
 {¶ 26} In the case sub judice, appellant has not persuaded us that error exists, let alone prejudicial error. As mentioned supra, the evidence concerning appellant's alcohol consumption and gun waiving would have been proper to establish state of mind or to establish motive. Thus, we are not persuaded that this evidence would have been excluded even had a timely objection been lodged.
 {¶ 27} Moreover, even if counsel erred by failing to object, we are not persuaded that counsel's actions deprived appellant of a fair trial.
 {¶ 28} For these reasons, we find no merit in appellant's first or second assignments of error and they are accordingly overruled.
 II {¶ 29} Appellant argues in his third assignment of error that he is indigent and that the trial court erred when it assessed court costs against him as part of the final judgment. We agree.
 {¶ 30} R.C. 2947.23 states that a trial court judge shall include in the sentence the costs of prosecution and render judgment against a defendant for such costs. However, R.C.2949.14 allows for collection of costs only against "nonindigent" persons. This latter statute demonstrates a clear legislative intent that the assessment of court costs be waived for indigent defendants. See Cleveland v. Tighe, Cuyahoga App. Nos. 81767 
81795, 2002-Ohio-1845, ¶¶ 9-11; State v. Clark, Pickaway App. No. 02CA12, 2002-Ohio-6684, ¶¶ 18-19; State v. Heil (Mar. 30, 2001), Geauga App. No. 2000-G-2268, judgment vacated for lack of a final appealable order 95 Ohio St.3d 531, 2002-Ohio-2841,769 N.E.2d 852, ¶ 1.[7]
 {¶ 31} The prosecution argues that appellant is not indigent because at the outset of the case he filed an affidavit of surety that reflected he owned property valued at $6,000. Be that as it may, the trial court subsequently found appellant to be indigent and appointed counsel to represent him at trial. Further, on November 6, 2003, appellant filed an affidavit of indigency and asked that he be appointed counsel on appeal. His request was granted. His request for preparation of the transcript at state expense was also granted.
 {¶ 32} This court has previously held that affidavits of indigency for purposes of obtaining counsel (either at trial or on appeal) provide sufficient evidence of indigency to avoid the assessment of court costs. See Clark, supra at ¶¶ 21-22; Statev. Ramirez, 153 Ohio App.3d 47, 794 N.E.2d 744, 2003-Ohio-4107, at ¶ 9; State v. Schofield, Washington App. Nos. 01CA36 
02CA13, 2003-Ohio-6553 at ¶ 11. We adhere to that position in this case. However, rather than simply reverse the trial court's order, we believe the interests of justice are best served by remanding this issue for further inquiry. The taxpayers are entitled to know whether appellant is truly indigent before he is excused from paying court costs.
 {¶ 33} For these reasons, the third assignment of error is well taken and sustained.
 III {¶ 34} Appellant argues in his fourth assignment of error that the trial court erred by not following the proper statutory procedure before it ordered him to serve consecutive prison sentences. We agree.
 {¶ 35} R.C. 2929.14(E)(4) provides as follows:
 {¶ 36} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 37} The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 38} At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 39} The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 40} R.C. 2929.19(B)(2)(c) also requires that at the sentencing hearing, the court state "its reasons for imposing consecutive sentences." The Ohio Supreme Court recently held that trial courts must make the statutorily required findings, and give reasons supporting them, at the sentencing hearing. Statev. Comer, 99 Ohio St.3d 463, 793 N.E.2d 473, 2003-Ohio-4165, at paragraph one of the syllabus.
 {¶ 41} We conclude that the trial court complied with the first requirement and made the required findings under R.C.2929.14(E)(4). The transcript reveals the following soliloquy at the sentencing hearing:
 {¶ 42} "The Court finds that consecutive sentences are necessary to protect the public and to punish the offender and are not disproportionate to the seriousness of the offender's conduct and the danger he poses to the public. Further, the defendant's criminal conduct indicates that consecutive sentences are necessary to protect the public from future crimes by the offender."
 {¶ 43} This is sufficient to comply with R.C. 2929.14(E)(4). The problem lies with R.C. 2929.19(B)(2)(c). We have found nothing in the sentencing hearing transcript to resemble a statement of reasons for making these findings. The prosecution responds by citing a Cuyahoga County Court of Appeals decision for the proposition that findings under R.C. 2929.14(E)(4) can also be treated as reasons for purposes of R.C. 2929.19(B)(2)(c). The Ohio Supreme Court, however, has held that the findings necessary for imposing consecutive sentences are "separate and distinct" from the reasons for imposing them. Comer, supra at ¶ 19 citing State v. Grider (2001), 144 Ohio App.3d 323, 326-327,760 N.E.2d 40; State v. Zwiebel (Aug. 29, 2000), Franklin App. No. 00AP-61; State v. Winland (Jan. 26, 2000), Wayne App. No. 99CA0029.
 {¶ 44} Because the sentencing transcript does not appear to contain reasons for imposing consecutive sentences that are separate and distinct from the findings required by R.C.2929.14(E)(4), we sustain appellant's fourth assignment of error. See State v. Comer.[8]
 {¶ 45} Having sustained appellant's third and fourth assignments of error, the judgment of the trial court is hereby affirmed in part and reversed in part. We remanded this case for further proceedings consistent with this opinion.
Judgment Affirmed in part, Reversed in part and Case remanded for further proceedings consistent with this opinion.
It is ordered that the judgment be affirmed in part, reversed in part and that the case be remanded for further proceedings. It is further ordered that appellant is to recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be issued out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion
[2] Appellant was also charged with using a weapon while intoxicated but that count was later dismissed.
[3] Boerger also identified a picture of Brant Lewis's four-wheeler as the one on which she and appellant rode to the Parker residence.
[4] The four-wheeler apparently had some distinctive art work added by Brant Lewis that made it readily distinguishable even at night.
[5] Kenneth Dick, an investigator for the Prosecutor's Office, and Thomas Wilson, Deputy Sheriff, both testified that they spoke with appellant shortly after the fire and told him that traces of gasoline were found on his clothing. Appellant reportedly told them that this was impossible and claimed he had not been around gasoline for years and did not even have enough to mow the lawn at his own property.
[6] We parenthetically note that on September 16, 2003, appellant filed a "Compliance With Request For Discovery" including his statement that he reserved the right to testify at trial. That being the case, evidence that appellant was drinking near the time of the fire was very probative on the reliability of his sensory perceptions. See State v. Williams (May 30, 1991), Cuyahoga App. No. 58549 ("Intoxication numbs the faculties so as to affect observation, recollection, and/or communication." citing 3 Wigmore on Evidence (3rd Ed.) 480-481, § 933.).
[7] This issue is currently before the Ohio Supreme Court in order to resolve a division of authority among Ohio appellate courts.
[8] This decision should not be misinterpreted as a comment on the underlying merits of the consecutive sentences. We only hold that the trial court did not comply with required statutory procedure for imposing consecutive sentences.