DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count each of robbery, felonious assault and kidnapping, sentenced him to a term of imprisonment, and ordered him to pay the costs of his prosecution. Pursuant to 6th Dist.Loc.App.R. 12(C), we hereby assign this case to our accelerated calendar.
 {¶ 2} Appellant sets forth the following as his sole assignment of error:
 {¶ 3} "The trial court erred when it ordered the defendant-appellant to pay unspecified court costs, fees, and to make an unspecified, unsubstantiated sum of restitution."
 {¶ 4} This court notes preliminarily that the trial court did not order appellant to pay restitution, unsubstantiated or otherwise, and, accordingly, that portion of appellant's assignment of error is without merit. In its sentencing judgment entry filed July 11, 2003, the trial court stated in relevant part: "Defendant found to have, or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law. Defendant ordered to reimburse the State of Ohio and Lucas County for such costs."
 {¶ 5} Appellant challenges the trial court's finding that he might reasonably be expected to have the income necessary to pay any costs or fees, despite also finding appellant indigent for purposes of obtaining appointed counsel. Appellant relies onState v. Ramirez, 153 Ohio App.3d 477, 2003-Ohio-4107, in which the 4th District Court of Appeals held that the trial court's finding that an offender is indigent is a sufficient basis in every case to waive court costs imposed pursuant to R.C. 2947.23. The Ramirez court based its reasoning on R.C. 2949.14, which sets forth the procedure for collecting costs from "nonindigent" persons. Id. at 479-480, ¶ 8.
 {¶ 6} In State v. Hartsell, 6th Dist. No. L-03-1039, 2004-Ohio-1331, this court noted that other Ohio courts of appeal have reasoned that R.C. 2949.14 was intended only to provide a method for collecting costs from "nonindigent" offenders, not to provide immunity from collection of such costs to all indigent offenders. Id. at ¶ 9. This court declined in Hartsell to follow the reasoning expressed in Ramirez and found that the trial court did not err by ordering the defendant to pay the costs of prosecution pursuant to R.C. 2947.23. We again decline to follow the reasoning expressed in Ramirez and instead find, in accordance with our decision in Hartsell, that the trial court did not err by ordering appellant to pay the costs of prosecution as authorized by law. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 7} On consideration whereof, we find that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellant, pursuant to App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Singer, J., Concur.