DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, following a jury trial, in which appellant, John E. Thomas, was found guilty of one count of intimidating a crime victim or witness, in violation of R.C.2921.04(B), a third degree felony. Thereafter, the trial court sentenced appellant to serve two years in prison and pay the costs of prosecution. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal, appellant sets forth the following three assignments of error:
 {¶ 3} "First assignment of error
 {¶ 4} "Defendant-Appellant's conviction is contrary to the weight of the evidence, and is insufficient to support a convict. Therefore, the Defendant-Appellant was denied his right to due process under the Ohio and United States Constitutions.
 {¶ 5} "Second assignment of error
 {¶ 6} "Defendant-Appellant's sentence should be reversed as the trial court failed to comply with the mandates of Revised Code § 2919.14 and it is not supported by the record.
 {¶ 7} "Third assignment of error
 {¶ 8} "The trial court erred when it ordered the defendant-appellant to pay unspecified court costs."
 {¶ 9} The undisputed facts that are relevant to the issues raised on appeal are as follows. In September 2002, appellant was indicted by the Lucas County Grand Jury on one count of grand theft, a fourth degree felony ("case no. CR-02-2818"). The charges arose after appellant had an angry confrontation with his former girlfriend, Shirley Keubler, on September 5, 2002, during which appellant took Keubler's car keys and drove away.
 {¶ 10} Appellant, through his court-appointed counsel, entered a not guilty plea in case no. CR-02-2818 on September 24, 2002. On October 17, 2002, a pretrial hearing was held, which appellant and Keubler attended. As appellant was being escorted from the courtroom, he said something to Keubler which was overheard by the court bailiff, Christina Kilis. Kilis brought appellant's statement to the court's attention.
 {¶ 11} As a result of appellant's reported behavior in court on October 17, the Lucas County Grand Jury re-indicted appellant on charges of robbery, in violation of R.C. 2913.02(A)(2), a second degree felony; menacing by stalking, in violation of R.C.2903.211(A)(B)(2)(b), a fourth degree felony; domestic violence, in violation of R.C. 2919.25(A), a fifth degree felony; and intimidation of a crime victim or witness, in violation of R.C.2921.04(B), a third degree felony ("case no. CR-02-3088"). All of the charges in case no. CR-02-3088 arose from the same incident as the robbery charge in case no. CR-02-2818. On October 24, 2002, appellant, through appointed counsel, entered a plea of not guilty to the four new charges.
 {¶ 12} A jury trial was held in case no. CR-02-3088 on November 7, 2002. Testimony was presented at trial by Shirley Keubler and Christina Kilis. Keubler testified that she began dating appellant in June 2002; however, she broke up with appellant in August 2002, after he became violent and struck her on several occasions. She further testified that on September 5, 2002, appellant returned to her home and threatened to hurt her, after which he stole her purse and car keys, and drove away in her 2001 Pontiac Grand Prix. Keubler stated that, when the Grand Prix was later recovered, it had sustained $1,500 in damage, and that a factory-installed On Star tracking device had been disabled when it was ripped out of the vehicle.
 {¶ 13} Keubler testified that she was seated in the visitor's section of the courtroom during the pretrial hearing on October 17, 2002, with her mother, when she saw appellant mouth some words and stare at her with a hateful "glare." On cross-examination, Keubler testified that appellant was several rows away from her in the courtroom at the time, and that she could not hear what he was saying because of the distance between them.
 {¶ 14} Bailiff Kilis testified at trial that, as appellant left the courtroom on October 17, she saw him turn toward Keubler and say: "I will see you later." Kilis further testified that appellant emphasized the word "you" and that his "tone of voice suggested [his statement] was a threat" to Keubler.
 {¶ 15} At the close of Kilis' testimony the prosecution rested. No witnesses were presented on appellant's behalf. That same day, the jury returned verdicts of not guilty as to the charges of robbery and menacing by stalking, and guilty as to the charge of intimidation of a witness.[1] After the verdicts were read, the state and appellant waived any right to a presentence report, and the matter proceeded to immediate sentencing.
 {¶ 16} After giving both appellant and his attorney an opportunity to address the court, the trial court sentenced appellant to a two-year prison term. On November 12, 2002, the trial court filed a judgment entry in which, in addition to the two-year prison sentence, the trial court ordered appellant to "pay costs of prosecution." A timely notice of appeal was filed on December 9, 2002.
 {¶ 17} Appellant asserts in his first assignment of error that his conviction was against the manifest weight of the evidence. Appellant further asserts that the record contains insufficient evidence to support the jury's guilty verdict as a matter of law. Specifically, appellant argues that the words "I will see you later," standing alone, do not constitute an "unlawful threat of harm" as required by R.C. 2921.04(B).
 {¶ 18} "Sufficiency" of the evidence is a question of law on whether the evidence is legally adequate to support a jury verdict as to all elements of the crime. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A conviction that is based on legally insufficient evidence constitutes a denial of due process, and will bar a retrial. Thompkins, supra, at 386-387.
 {¶ 19} In contrast, a manifest weight challenge questions whether the state has also met its burden of persuasion.Thompkins, at 387. In making this determination the court of appeals sits as a "thirteenth juror" and, after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."Thompkins, supra, at 387, citing State v. Martin, (1983),20 Ohio App.3d 172, 175.
 {¶ 20} Appellant was convicted of one count of intimidation of a crime victim or witness, in violation of R.C. 2921.04(B), which provides:
 {¶ 21} "No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness."
 {¶ 22} As set forth above, Keubler testified at trial that she did not actually hear what appellant said in the courtroom, although she was aware that he was glaring at her. Pursuant to R.C. 2921.04(B), actual intimidation of a victim or a witness is not an element of the crime. It is sufficient that an attempt to intimidate a witness or victim in a criminal case was made by the accused. However, the relevant question that remains to be decided in this case is whether appellant's words, i.e., "I will see you later," constituted an "unlawful threat of harm."
 {¶ 23} The term "unlawful" is not statutorily defined. Therefore, it must be given its "common, everyday meaning."State v. Myers, 3rd Dist. No. 7-99-05, 2002-Ohio-1677, citingState v. Dorso (1983), 4 Ohio St.3d 60, 62. Black's Law Dictionary defines the term "unlawful" as "that which is contrary to, prohibited, or unauthorized by law. * * *" Black's Law Dictionary (5 Ed.Rev. 1979) 1377. Accordingly, "unlawful acts being threatened may be said to be `unlawful threats.'" Myers,
supra.
 {¶ 24} In this case, appellant's words, "I will see you later," were unaccompanied by any action other than appellant "glaring" at Keubler. However, Kilis, who overheard what appellant said, testified that she believed the words "I will see you later," with emphasis on the word "you," posed a threat of harm to Keubler, even though those words were never communicated directly to Keubler.
 {¶ 25} This court has considered the entire record of proceedings that was before the trial court and, upon consideration thereof and the law, and after viewing the evidence presented in a light most favorable to the prosecution, finds that, given the history of appellant's relationship with Keubler as set forth above, the words "I will see you later," were sufficient to constitute an "unlawful threat of harm." Accordingly, the evidence presented at trial was legally sufficient to support a conviction pursuant to R.C. 2921.04(B). In addition, we find, after reviewing the entire transcript of proceedings and considering the credibility of the witnesses, that the jury did not "lose its way" and thereby create such a manifest miscarriage of justice that appellant's conviction should be reversed. Appellant's first assignment of error is not well-taken.
 {¶ 26} Appellant asserts in his second assignment of error that the prison sentence imposed by the trial court is contrary to law because the trial court failed to comply with the mandatory sentencing criteria set forth in R.C. 2929.11, 2929.12
and 2929.14.
 {¶ 27} Appellant was convicted of one count of intimidating a crime victim or witness in violation of R.C. 2921.04(B), a third degree felony. Pursuant to R.C. 2929.14(A)(3), the range of prison terms for a third degree felony is between one and five years. As set forth above, in this case, the trial court ordered appellant to serve two years in prison.
 {¶ 28} R.C. 2929.13(C) provides:
 {¶ 29} "[I]n determining whether to impose a prison term as a sanction for a felony of the third degree * * * the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section2929.12 of the Revised Code."
 {¶ 30} The overriding purposes of the felony sentencing statutes are to "protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Accordingly, the trial court's sentence should be reasonably calculated to achieve these purposes, mindful of the seriousness of the offender's conduct and its impact upon the victim, and consistent with other sentences imposed for similar conduct by similar offenders. R.C. 2929.11(B).
 {¶ 31} Pursuant to R.C. 2929.14(B), if the trial court elects to impose a prison sentence on a felony offender, "the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 32} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 33} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 34} The record in this case contains a report of appellant's prior criminal history, which shows that appellant was imprisoned for robbery in January 1985. Accordingly, the trial court was not required to make an additional finding pursuant to R.C. 2929.14(B)(2).
 {¶ 35} As for the remaining statutory factors, pursuant to R.C. 2929.12(A), the trial court has discretion in determining "the most effective way to comply with the principles and purposes of sentencing set forth in R.C. 2929.11." Id. In exercising its discretion, the trial court must consider the factors enumerated in R.C. 2929.12(B) and (C) to determine whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. The court must further evaluate the factors enumerated in R.C. 2929.12(D) and (E), which relate to the likelihood that the offender will commit future crimes. However, in making the mandatory determination pursuant to R.C. 2929.12, the trial court is not required to use specific language or make specific findings. State v. Arnett
(2000), 88 Ohio St.3d 208, 215.
 {¶ 36} Except in cases where a prison term is mandated by statute, the implementation of the principles set forth in R.C.2929.11 rests within the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of that discretion. State v. Cooks (1997), 125 Ohio App.3d 116, 120; R.C. 2929.12(A). An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 37} In this case, the record shows that, in addition to appellant's prior imprisonment for robbery, appellant's criminal history includes a conviction for possession of illegal drugs in October 2001. The record further shows that, before sentencing, appellant made a statement to the court in which he expressed regret at the loss of his "freedom" due to a misunderstanding of the comments he made in court. Defense counsel then stated that appellant is a "poor judge of relationships" who "picks the wrong people, and the wrong time and, perhaps, does the wrong things." Thereafter, the trial court stated that it had considered the principles and purposes of sentencing set forth in R.C. 2929.11, sentenced appellant to serve a two-year prison term, and advised him of the terms of post-release control.
 {¶ 38} On November 12, 2002, a judgment entry was filed in which the court stated that, in addition to considering the principles and purposes of sentencing outlined in R.C. 2929.11, it had considered the record and oral statements, and balanced the "seriousness and recidivism factors under R.C. 2929.12" in fashioning appellant's sentence. The court also found that appellant was not amenable to community control, and that a prison sentence was consistent with the purposes of R.C. 2929.11.
 {¶ 39} Upon consideration of the foregoing, we cannot find that the trial court abused its discretion in this case. The facts demonstrate that the trial court considered the entire record, which included evidence of appellant's prior convictions and imprisonment, as well as the principles and purposes of sentencing and the factors relative to the seriousness of appellant's conduct and the likelihood of recidivism, before sentencing appellant. Those factors, coupled with appellant's admitted lack of judgment and poor self-control, support the trial court's determination that appellant should be sentenced to serve a two-year prison term. Appellant's second assignment of error is not well-taken.
 {¶ 40} Appellant asserts in his third assignment of error that the trial court erred by ordering him to pay the costs of prosecution.
 {¶ 41} R.C. 2947.23 provides, in relevant part, that:
 {¶ 42} "(A)(1) In all criminal cases, * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. * * *"
 {¶ 43} In support of his assignment of error, appellant relies on State v. Ramirez (2003), 153 Ohio App.3d 477,2003-Ohio-4107, in which the 4th District Court of Appeals held that the trial court's finding that an offender is indigent is a sufficient basis in every case to waive court costs imposed pursuant to R.C. 2947.23. The Ramirez court based its reasoning on R.C. 2949.14, which sets forth the procedure for collecting costs from "nonindigent" persons. Id. at ¶ 8.
 {¶ 44} In past instances, this court has declined to follow the reasoning expressed in Ramirez. In so doing we, along with other Ohio courts of appeal, have reasoned that "R.C. 2949.14 was intended only to provide a method for collection of costs from `nonindigent' offenders, not to provide immunity from collection of such costs to all indigent offenders." State v. Hartsell,
6th Dist. No. L-03-1039 and L-03-1040, 2004-Ohio-1331, at ¶ 9. See also, State v. White, 6th Dist. No. L-03-1229,2004-Ohio-5664; State v. Glavic, 11th Dist. Nos. 2001-L-177 and 2001-L-179, 2003-Ohio-6961, discretionary appeal allowed by103 Ohio St.3d 1442, 2004-Ohio-4626.
 {¶ 45} In this case, we once again decline to follow the reasoning expressed in Ramirez and instead find, in accordance with our decisions in Hartsell, supra, and White, supra, that the trial court did not err by ordering appellant to pay the costs of prosecution as authorized by law. Appellant's third assignment of error is not well-taken.
 {¶ 46} The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Pursuant to App.R. 24, court costs of these proceedings are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Singer, J., Concur.
[1] The domestic violence charge was dismissed prior to the start of jury deliberations and, at the prosecution's request, a nolle prosequi was entered as to case no. CR-02-2818.