THE STATE OF OHIO, APPELLEE, *v*. DANISON, APPELLANT.

[Cite as *State v. Danison,* 105 Ohio St.3d 127, 2005-Ohio-781.]

(No. 2003–2155—Submitted January 19, 2005—Decided March 16, 2005.)

ALICE ROBIE RESNICK, J.

{¶ 1} On February 20, 2003, defendant-appellant, Ralph N. Danison Jr., pleaded guilty to one count of grand theft of a motor vehicle, a felony of the fourth degree. The offense involved appellant's theft of a Cessna 152 airplane in an attempt to commit suicide by crashing the plane into an airport. As appellant flew the plane around the airport, a flight instructor maintained radio contact with him and succeeded in talking him through a landing. The stolen plane sustained some damage during this landing.

{¶ 2} On March 31, 2003, the trial court sentenced appellant to jail time, imposed community control sanctions and a fine of $1,000, and ordered restitution in the amount of $22,085 for repairs to the stolen airplane and lost revenues. Appellant appealed his sentence to the Court of Appeals for Ashland County. On appeal, appellant challenged the trial court's imposition of the fine and restitution on the basis that the court had not considered his ability to pay.

{¶ 3} The court of appeals reversed the imposition of the fine and remanded the matter to the trial court for a new sentencing hearing to consider appellant's ability to pay. However, the appellate court declined to review the restitution order on the grounds that the imposition of restitution is not a final, appealable order until a hearing is held to enforce payment. One judge dissented from this part of the opinion, reasoning that the restitution order was final and appealable.

{¶ 4} The cause is now before this court pursuant to our allowance of a discretionary appeal. The issue presented for our review is whether an order to pay restitution is a final, appealable order.

{¶ 5} R.C. 2953.02 describes the scope of review in a criminal case and provides that a court of appeals may review a "judgment" or "final order." *State v. Crago* (1990), 53 Ohio St.3d 243, 244, 559 N.E.2d 1353; *State v. Hunt* (1976), 47 Ohio St.2d 170, 174, 1 O.O.3d 99, 351 N.E.2d 106. A final order is an order that in effect determines the case. R.C. 2505.02(B)(1); *State v. Bassham* (2002), 94 Ohio St.3d 269, 271, 762 N.E.2d 963.

{¶ 6} Generally, in a criminal case, the final judgment is the sentence. *Columbus v. Taylor* (1988), 39 Ohio St.3d 162, 165, 529 N.E.2d 1382, quoting *State v. Chamberlain* (1964), 177 Ohio St. 104, 106, 29 O.O.2d 268, 202 N.E.2d 695; *State v. Hunt,* 47 Ohio St.2d at 174, 1 O.O.3d 99, 351 N.E.2d 106. The sentence is the sanction or combination of sanctions imposed by the sentencing court on an offender who pleads guilty to or is convicted of an offense. R.C. 2929.01(FF). The sentence imposed on an offender for a felony may include financial sanctions, including restitution in an amount based on the victim's economic loss. R.C. 2929.18(A)(1).

{¶ 7} Research reveals that no appellate district other than the Fifth has accepted the position that an order of restitution imposed as part of a criminal sentence is not a final, appealable order. See *State v. Ramirez,* 153 Ohio App.3d

477, 2003-Ohio-4107, 794 N.E.2d 744, at ¶ 4–5 (finding that an appeal of an order to pay the balance of a restitution amount was barred by res judicata when an appellant had failed to appeal the imposition of restitution in the original sentence). Further, even the Fifth District is divided within itself on this issue. See *State v. Caudill*, 5th Dist. No. 03–COA–031, 2004-Ohio-2803, 2004 WL 1191928, at ¶ 10 (in which a different panel expressly rejected the conclusion that a restitution order is not a final, appealable order until a hearing is held to enforce payment); see, also, *State v. Kreischer*, 5th Dist. No. 03 CA 20, 2004-Ohio-6854, 2004 WL 2958339, at ¶ 9 (an order to pay restitution is a final, appealable order).

{¶ 8} In the present case, the order of restitution was indisputably part of the sentence. We see no reason to find that such an order is not final and appealable. Accordingly, we hold that an order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence and, as such, is a final and appealable order.

{¶ 9} For the foregoing reasons, we reverse the judgment of the court of appeals to the extent that it held that the order imposing restitution is not a final, appealable order until a hearing is held to enforce payment, and remand this cause to the court of appeals to consider the merits of appellant's argument on this issue.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Judgment reversed
and cause remanded.

Robert P. DeSanto, Ashland County Prosecuting Attorney, and Melissa P. Moroney, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, State Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.