**[Cite as *State v. Tilley*, 2018-Ohio-2922.]**

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 17CA1 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| NATHAN TILLEY, | : | |
| Defendant-Appellant. | : | RELEASED 07/20/2018 |

<u>APPEARANCES</u>:

Timothy Young, Ohio Public Defender, and Nikki Trautman Baszynski, Ohio Assistant Public Defender, Columbus, Ohio, for appellant.

Justin Lovett, Jackson County Prosecuting Attorney, and Nick Wille, Jackson County Assistant Prosecuting Attorney, Jackson, Ohio, for appellee.

Hoover, P.J.

{¶1}   Nathan Tilley ("Tilley") appeals from the judgment of the Jackson County Court of Common Pleas. The trial court had revoked his community control based on his pro se guilty plea to violating it and had sentenced him to serve the underlying 36-month prison sentence and ordered him to pay the costs of the case.

{¶2}   Tilley initially asserts that his conviction and sentence should be reversed because the trial court did not obtain a knowing, intelligent, and voluntary waiver of his right to counsel. The totality of the circumstances in this case include: (1) the trial court failed to explicitly advise Tilley that he had the right to be represented by retained counsel as required by Crim.R. 32.3(B); (2) Tilley did not waive his right to counsel in writing as required by Crim.R. 32.3(D) and 44(C); (3) the trial court did not discuss any possible defenses to the charge of violating community

control or circumstances in mitigation of the violation with Tilley before accepting his waiver of counsel; and (4) the trial court did not discuss the dangers and disadvantages of self-representation with Tilley when he advised the court that he was representing himself. Based on these circumstances, the trial court did not obtain a knowing, intelligent, and voluntary waiver. We sustain Tilley's first assignment of error.

{¶3}    Tilley next contends that the trial court erred in assessing certain unauthorized costs related to subpoenas issued in the underlying criminal case, but res judicata precluded him from claiming error in the court's imposition of costs when he did not file a timely appeal or move to modify the original sentencing entry. We overrule Tilley's third assignment of error.[1]

{¶4}    Tilley finally argues that the clerk of courts improperly issued a writ to the Jackson County Sheriff to execute on his property for the unpaid costs. We agree because under the sentencing entries, he was not yet liable to pay the ordered costs; and the final sentencing entry has now been reversed in light of our disposition of his first assignment of error. We sustain Tilley's fourth assignment of error.

{¶5}    Having sustained Tilley's first and fourth assignments of error, we reverse his conviction and sentence as well as the writ of execution for costs that are not yet due and remand for further proceedings consistent with this opinion.

## I. Facts and Procedural Background

{¶6}    In May 2014, the Jackson County Grand Jury returned an indictment charging Tilley with one count of illegal possession or assembly of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a felony of the third degree. Tilley, who was represented by retained counsel, entered a plea of not guilty to the charge and filed a motion to suppress

---

[1] Tilley withdrew his second assignment of error at oral argument conducted on May 3, 2018.

evidence. The court issued subpoenas for witnesses to appear at the suppression hearing. After the trial court held a hearing, it denied the motion to suppress.

{¶7} Tilley then pleaded guilty to the charge; and the trial court convicted him. In July 2016, the court sentenced Tilley to five years of community control, with conditions that he consume no alcohol, illegal drugs, or narcotics of any type and that he pay court costs "within the term of his community control." The trial court notified Tilley that violation of his community control would lead to a 36-month prison term and an administrative increase up to an additional one-half of the stated term. In August 2016, the court sent Tilley an itemized bill of $357 for costs incurred in the criminal case. Tilley did not appeal from either his July 2016 sentencing entry or contest the August 2016 itemized bill for costs by filing a motion to waive or modify costs.

{¶8} In October 2016—three months after Tilley had been sentenced and two months after he had been sent the itemized bill for costs—the State of Ohio ("State") filed a notice that Tilley had violated his community control by consuming Oxycodone. At a hearing in early November 2016, Tilley appeared without counsel. He advised the court that he did not want court-appointed counsel; and he entered a plea of guilty to the charge that he violated his community control. As a result, the court revoked his community control and sentenced him to the previously specified 36-month prison term. In its November 8, 2016 sentencing entry, the trial court reiterated the sentence that it had orally imposed at the hearing, but added an order that Tilley "pay the costs of this action within 60 days from the date of his release from prison." In a writ issued by the clerk of courts that same day, the sheriff was commanded to execute on Tilley's goods, chattels, land, and tenements for $551 in costs allegedly incurred in the case.

{¶9}    Tilley filed a motion for leave to file a delayed appeal in January 2017 with a notice of appeal. After Tilley remedied deficiencies, this Court granted Tilley's motion for leave to file the delayed appeal, which is now before this Court for decision.

## II. Assignments of Error

{¶10}   Tilley assigns the following errors for our review:

I. The trial court erred when it accepted Nathan Tilley's admission of guilt without properly advising Mr. Tilley of his right to retained counsel or obtaining a written waiver of counsel. Crim.R. 22, 32.3, 44; Tr. 96-99.

II. The trial court improperly imposed court costs. *State v. Jackson*, Slip Opinion No. 2016-Ohio-8127; *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278; R.C. 2947.23.[2]

III. The trial court assessed, and the Clerk of Courts collected, unauthorized court costs. R.C. 311.17; Subpoenas (Nov. 19, 2014; Nov. 21, 2014; Dec. 15, 2014; Dec. 16, 2014; Jan. 27, 2015).

IV. The Clerk of Courts issued improperly, and without authority, an execution against Nathan Tilley's property for the costs of prosecution. R.C. 2949.14; R.C. 2949.15; Execution of Costs in Felony (Nov. 8, 2016); Second Notice to Pay Costs (Jan. 4, 2017); Itemized Bill (Jan. 5, 2017); Final Notice (Aug. 17, 2017); Cost Bill; Tr. 96.

## III. Law and Analysis

### A.  Tilley Did Not Knowingly, Intelligently, and Voluntarily Waive his Right to Counsel

{¶11}   "The Sixth Amendment to the United States Constitution provides that criminal defendants shall have the right to the assistance of counsel for their defense." *State v. Bristow*, 4th Dist. Scioto Nos. 07CA3186 and 07CA3187, 2009-Ohio-523, ¶ 12; *see also* Article I, Section 10 of the Ohio Constitution. Because a defendant also has the right of self-representation, he may " 'defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so.' " *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816

---

[2] Tilley withdrew his second assignment of error at oral argument conducted on May 3, 2018.

N.E.2d 227, ¶ 24, quoting *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus. "To establish an effective waiver of the right to counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right." *Bristow* at ¶ 12, citing *Gibson* at paragraph two of the syllabus.

{¶12}   Moreover, under the applicable Criminal Rules of Procedure, Tilley had "the right to be represented by retained counsel and shall be so advised" and because he was convicted of a serious offense—a felony—he was entitled to retained or assigned counsel "unless * * * after being fully advised of his * * * right to * * * counsel, knowingly, intelligently, and voluntarily waives the right to counsel." *See* Crim.R. 32.3(B). Tilley's waiver of his right to counsel was also required to be in writing. Crim.R. 32.3(D) and 44(C); *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, paragraph two of the syllabus ("Waiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement for more than six months, the waiver must also be in writing"). However, with respect to the written-waiver rule provision, the trial court need only show substantial compliance. That is, the trial court must make sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished the right to counsel. *Martin* at ¶¶ 38-39.

{¶13}   " 'There is no single, definitive test to determine whether a defendant voluntarily, knowingly, and intelligently waives the right to counsel.' " *State v. Weddington*, 4th Dist. Scioto No. 13CA3560, 2014-Ohio-1968, ¶ 14, quoting *State v. Mootispaw*, 4th Dist. Highland No. 09CA33, 2010-Ohio-4772, ¶ 21. "Instead, appellate courts should conduct a de novo review and independently examine the record to determine whether the totality of the circumstances demonstrates a knowing, intelligent, and voluntary waiver of the defendant's right to counsel." *Id.*

{¶14}  At the plea and sentencing hearing here, the following brief exchange occurred between the trial court and Tilley:

JUDGE:  You have the right to remain silent. Anything you say can and may be used against you. If you can't afford an Attorney, the Court will appoint you an Attorney to represent you. Do you understand those rights?

DEFENDANT:  Yes.

JUDGE:  Are you asking the Court to appoint you counsel?

DEFENDANT:  No.

JUDGE:  No? Are you going to represent yourself?

DEFENDANT:  I'm just gonna' plead guilty out to it.

JUDGE:  All right. You understand that if you admit these charges, we're not gonna' have a hearing as to whether or not they're true?

DEFENDANT:  Yeah. It's only one violation, correct?

JUDGE:  Yeah. And, you understand you've got thirty-six months hanging over your head?

DEFENDANT:  Yeah.

JUDGE:  I could send you to prison for thirty-six months.

DEFENDANT:  Yeah, I understand that.

JUDGE:  And, you want to give up the right to have a hearing in which the State would present evidence to prove that you violated the terms of your Community Control?

DEFENDANT:  Yeah.

JUDGE:  Okay. So, are you admitting the violation?

DEFENDANT:  Yeah.

{¶15}  The record does not reflect that the trial court advised Tilley of his right to be represented by retained counsel, as required by Crim.R. 32.3(B). In addition, the trial court also failed to comply with Crim.R. 32.3(D) and 44(C) because the record includes no written waiver by Tilley of his right to counsel.

{¶16}  The Supreme Court of Ohio explained what the trial court should do to assure a valid waiver of the right to counsel in a serious-offense case:

"To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter."

*Gibson*, 45 Ohio St.2d 366, 377, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed.2d 309 (1948). Here, the trial court did not discuss any possible defenses or circumstances in mitigation with Tilley.

{¶17}  Finally, for a defendant to "competently and intelligently * * * choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes

open.' " *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), quoting

*Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed.2d 268 (1943);

*Mootispaw*, 2010-Ohio-4772, ¶ 20. Here, the trial court did not discuss the dangers and

disadvantages of self-representation with Tilley before accepting his waiver of counsel.

{¶18} In comparable circumstances, we have held that a defendant's waiver of counsel

was invalid. *See State v. Guess*, 4th Dist. Hocking No. 11CA33, 2014-Ohio-771, ¶¶ 13-14 (trial

court did not insure that the defendant knowingly, intelligently, and voluntarily waived his right

to counsel where there was no evidence that the defendant knew the dangers and disadvantages

of self-representation; the court did not inquire whether the defendant understood the defenses

available to him; and the record did not indicate that the defendant's waiver of counsel was in

writing); *State v. Alexander*, 4th Dist. Ross No. 15CA3492, 2016-Ohio-5015, ¶¶ 13-16 (record

did not establish a knowing, intelligent, and voluntary waiver by the defendant of his right to

counsel where there was no evidence that the trial court informed him of the possible defenses to

the charges and circumstances in mitigation or the dangers and disadvantages of self-

representation); *Mootispaw* at ¶ 50 ("The failure of the court to explain the dangers inherent in

self-representation is itself problematic").

{¶19} Consistent with this precedent, after viewing the totality of the circumstances, we

find that the trial court did not even substantially comply with Crim.R. 32.3 and 44 as it failed to

make a sufficient inquiry to determine whether Tilley made a knowing, intelligent, and voluntary

waiver of his right to counsel. Therefore, we sustain his first assignment of error.

### B.  Tilley Voluntarily Withdraws His Second Assignment of Error

{¶20} In his second assignment of error Tilley initially alleged that the trial court

improperly imposed court costs on him in the community-control-revocation sentencing entry

without imposing costs on him at the sentencing hearing. However, in light of the Supreme Court of Ohio's recent holding in *State v. Beasley*, __ Ohio St.3d __, 2018-Ohio-493, __ N.E.2d __, ¶¶ 263-265, Tilley voluntarily withdrew his second assignment of error at our oral argument proceedings held on May 3, 2018. Accordingly, we need not address Tilley's second assignment of error.

## C. Res Judicata Prevents Tilley from Contesting Costs Assessed Against Him in the Original Sentencing Entry

{¶21}  In his third assignment of error, Tilley claims that the trial court assessed, and the clerk of courts collected, unauthorized court costs, i.e., costs associated with subpoenas issued in connection with his suppression hearing in the underlying criminal case.

{¶22}  We reject Tilley's contention because res judicata bars his claim. These costs were imposed in the trial court's July 2016 sentencing entry and reflected in the clerk's August 2016 itemized bill sent to him. Tilley neither appealed this sentencing entry nor filed a motion to contest the itemized bill. *See State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 21 (failure to specify the amount of costs assessed in a sentencing entry does not defeat its finality for purposes of appeal because calculating a bill is a ministerial task). Even this delayed appeal is from the trial court's subsequent November 2016 sentencing entry in the community-control-revocation case.

{¶23}  Res judicata bars Tilley from raising this claim on appeal. He could and should have appealed the judgment of conviction in which the community control was first imposed. *See, e.g., State v. Turner*, 2d Dist. Montgomery No. 27350, 2017-Ohio-4101, ¶ 8, and cases cited; *State v. Byrd*, 3d Dist. Defiance Nos. 4-05-17 and 4-05-18, 2005-Ohio-5613, ¶ 12 ("Since Byrd neither appealed his original sentence within the prescribed time limits nor requested leave

to file a delayed appeal, the doctrine of res judicata prevents us from reviewing the merits of the original sentence"); *State v. Ramirez*, 153 Ohio App.3d 477, 2003-Ohio-4107, 794 N.E.2d 744, ¶¶ 4-5 (4th Dist.).

{¶24} We overrule Tilley's third assignment of error.

### D. The Writ Was Premature Where Costs Were Not Yet Due

{¶25} In his fourth assignment of error Tilley argues that the clerk of courts improperly issued a writ of execution on the same date as the November 2016 sentencing entry.

{¶26} "Upon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under the clerk's hand and seal of the court, a complete itemized bill of the costs made in such prosecution" and "[t]he clerk shall attempt to collect the costs from the person convicted." R.C. 2949.14. "If a nonindigent person convicted of a felony fails to pay the costs of prosecution pursuant to section 2949.14 of the Revised Code, the clerk of the court of common pleas shall forthwith issue to the sheriff of the county in which the indictment was found * * * executions against his property for fines and the costs of prosecution, which shall be served and returned within ten days, with the proceedings of such sheriff * * *." R.C. 2949.15.

{¶27} The clerk's November 2016 writ did not state which costs it was seeking to collect—those from the original prosecution resulting in the sentencing entry in July 2016, the community-control-revocation case that concluded on the same day the writ was issued, or both. But insofar as the writ related to the July 2016 sentencing entry, it was premature because that entry ordered Tilley to pay costs "within the term of his community control," which gave him five years to pay them. In addition, as the writ related to the November 2016 sentencing entry, it

was similarly premature because that entry ordered Tilley to pay the costs of the case within 60 days after his release from his 36-month prison term.

{¶28}  Furthermore, because we sustained Tilley's first assignment of error, which reverses Tilley's sentencing on the community control violation, the cost order contained therein is no longer viable. Consequently, we sustain Tilley's fourth assignment of error.

## IV. Conclusion

{¶29}  Having sustained Tilley's first and fourth assignments of error, we reverse his judgment revoking his community control and sentencing him and the writ of execution issued and remand the cause to the court for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND CAUSE REMANDED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and Abele, J.: Concur in Judgment and Opinion.

For the Court

By: _____
                   Marie Hoover, Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**